26071.. WALDREP v. GOODWIN, Executrix, et al.

Argued September 16, 1970—Decided October 8, 1970.

*Edwards, Bentley, Awtrey & Parker, Jimmy W. Jones*, for appellant.

*Howe & Murphy, Harold L. Murphy*, for appellees.

Felton, Justice. On appeal to the Superior Court of Haralson County from the court of ordinary of that county of the petition for the probate of the purported will of Mrs. Lemma Waldrep, to which a caveat was filed by her alleged husband, Hubert C. Waldrep, the trial court directed a verdict for the propounder after the court agreed to continue the case to the August, 1970, term of the court under circumstances later related, and revoked the continuance and ordered the case to trial on Monday, May 18, 1970.. After a renewal of a motion to reinstate the previously granted continuance to the August term, the case was tried on May 18, 1970, with the above stated result. The enumerated errors are the revocation of the continuance until the August term and the judgment on the verdict directed by the court in favor of the propounder.

As we interpret the record, the attorneys for the appellant were approached about representing the appellant, whose former attorney had withdrawn from the case and caveator-appellant had been unable to procure counsel within the circuit. Present attorneys took the case on April 22, 1970, thinking that the case would be tried at the August term, 1970, by reason of the fact that the case was not on the present term calendar for trial. On April 27, 1970, upon the call of the calendar, appellant moved for a continuance based on the fact that the attorneys for appellant took the case in April, thinking it would be tried at the August term, which gave ample time for preparation for the trial. The court at that time granted a con-

tinuance until the August term, 1970. On May 8, 1970, appellant was notified by opposing counsel that he and the judge had decided to try the case on May 11, 1970. On May 11, 1970, counsel for the appellant moved the court to uphold the continuance granted on April 27, 1970, which continued the case until the August term of the court. The motion was denied and a continuance was granted until May 18, 1970. On May 18, 1970, on the call of the calendar, appellant again moved the court to uphold the August term continuance, which was denied.

We think that the court erred in refusing to honor and stand upon its continuance of the case, under the circumstances, until the August, 1970, term of the court. The nature of the case, which involved undue influence and testamentary capacity, and the circumstances under which the case was accepted by appellant's counsel, reasonably required more time than was allowed for the avenues of discovery provided by law.

Counsel for appellant took the case in utmost good faith. It seems to us that the ends of justice and fair play dictate the conclusion that the judgment in favor of the propounder should be reversed and a new trial be ordered.

*Judgments reversed. All the Justices concur.*